IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE B. CRISEL, *independent administrator of the Estate of Bernitta Rena Howard, Deceased*, </br></br>　　　　Plaintiff, </br></br>vs. </br></br>STEARNS NURSING AND REHABILITATION CENTER, et al., </br></br>　　　　Defendants. | ) ) ) ) ) ) ) ) Case No. 22-cv-685-DWD ) ) ) ) ) ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

　　Bernitta Rena Howard ("Howard") a resident of Stearns Nursing and Rehabilitation Center, L.L.C. ("Stearns"), a long-term care facility, died on August 13, 2020 after being diagnosed with COVID-19. Catherine B. Crisel ("Plaintiff"), as the independent administrator of Howard's estate, filed a lawsuit in Madison County, Illinois against Stearns and three other defendants, alleging that Howard's death was caused by Defendants' negligence. Defendants removed the case to federal court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

　　As their basis for removal, Defendants invoke the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the "PREP Act") and related federal regulations, which they argue completely preempt Plaintiff's state-law claims and provide federal question jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, Defendants contend that removal is proper under the *Grable* doctrine, *see Grable & Sons*

1

*Metal Prod., Inc. v. Darue Eng'g*, 545 U.S. 308 (2005), or under the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1). Plaintiff now moves to remand (Doc. 15) for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). For the following reasons, the Court **GRANTS** the motion.

## Background

At this stage of the proceedings, the Court accepts the allegations in Plaintiff's Complaint (Doc. 1-3) as true. Howard resided in Stearns from approximately June 2017 through August 2020. According to the Complaint, Defendants failed to respond adequately to the COVID-19 pandemic, resulting in Howard's death. Among other things, Defendants allegedly failed to provide appropriate infectious disease precautions and infection control measures, ensure routine monitoring of vital signs, provide appropriate accommodations and separation for COVID positive and COVID negative residents, ensure routine COVID testing was performed on all residents and staff, provide appropriate personal protective equipment, provide appropriate training and education to staff, provide appropriate housekeeping measures to prevent the spread of infection, and follow the facility's Coronavirus policy and procedures.

Plaintiff asserts a claim for negligence under the Illinois Nursing Home Care Act ("INHCA"), 210 ILCS 45/1-101 *et seq.*, against Stearns. She also asserts claims for negligence under the Illinois wrongful death statute, 740 ILCS 180/1 *et seq.*, and under the Illinois survival statute, 755 ILCS 5/27-6, against each defendant.

Defendants timely removed the case, and Plaintiff subsequently filed a motion to remand to state court.

### Legal Standard

In the instant case, Defendants bear the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Removal is proper "if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446." *Id.*

### Discussion

Defendants make two arguments in support of removal: First, Defendants contend that the PREP Act supplies federal question jurisdiction, either through the complete preemption doctrine or because Plaintiff's state-law claims necessarily raise a substantial federal issue (the "*Grable* doctrine"). *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Second, Defendants argue that they qualify for removal under the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1).

Not surprisingly, lawsuits implicating the same issues raised by the parties have emerged in federal courts across the country. Prior to the parties briefing the remand issue, dozens of district courts and three appellate courts had issued decisions holding that neither § 1441(a) nor § 1442(a)(1) permits removal of state law claims seeking damages on account of health-care providers' actions during the COVID-19 pandemic. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021) (rejecting the arguments raised by Defendants in the instant case, and noting that "[n]early every federal district court to confront these cases has dismissed for lack of jurisdiction and

3

remanded to the state court");[1] *Mitchell v. Advanced HCS, L.L.C.*, (5th Cir. 2022) (neither federal officer removal, nor complete preemption under the PREP Act, nor the *Grable* doctrine provided a basis for removing plaintiff's state law causes of action for negligence); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022) (same).

Since the parties briefed the removal issue, the Seventh Circuit Court of Appeals issued a decision rejecting each of the Defendants' arguments as to the existence of federal subject matter jurisdiction in this case. *Martin v. Petersen Health Operations, LLC,* ---F.4th---, 2022 WL 2154870 (7th Cir. June 15, 2022). In *Martin*, the administrator of a nursing home resident's estate filed suit in state court under the Illinois Nursing Home Care Act against a nursing home for the decedent's COVID-19 related death. The nursing home removed the case to federal court, asserting (1) the PREP Act provided a basis for removal under either the complete preemption doctrine or the *Grable* doctrine; or (2) the federal officer removal statute provided a basis for removal. The district court found that removal was not authorized and remanded the case to state court, and the nursing home appealed.[2]

---

[1] Defendants briefly discuss *Maglioli* in their briefing, suggesting that the appellate court's decision supports their complete preemption argument. (Doc. 19, p. 10). Specifically, Defendants indicate that the Third Circuit concluded the PREP Act's language "unambiguously" and "easily satisfies the standard for complete preemption of particular causes of action." But Defendants fail to note that, although the Third Circuit concluded the PREP Act is completely preemptive as to willful-misconduct claims, it is *not* preemptive as to state-law negligence claims. The appellate court also concluded that removal was not warranted based on either the federal officer removal statute or the *Grable* doctrine. Thus, Defendants' citation to this particular aspect of *Maglioli*, without further explanation, is misleading.

[2] The Seventh Circuit had jurisdiction over the appeal because removal was based on a claim of right under § 1442. *Martin*, at *1.

As to § 1442(a)(1), the Seventh Circuit explained that federal regulation does not turn a private entity, such as a nursing home, into a public actor for purposes of federal officer removal. *Martin* at *1 ("We do not doubt that the nursing home must comply with many federal requirements, but it has been understood for a long time that regulation does not turn a private entity into a public actor."). As to preemption, the Seventh Circuit concluded that the PREP Act only preempts wrongs "involving willful misconduct in using covered countermeasures, and does not preempt any other kind of claim, let alone occupy the field of health safety." *Id*. at 2. The Court went on to explain that the plaintiff's state law claims were not even arguably preempted because they were wholly unrelated to a "covered countermeasure:"

> Face masks and other personal protective equipment are among the countermeasures defined by the Secretary, but [the plaintiff] does not allege that face masks led to her mother's death; instead, she alleges that the nursing home failed to use masks and other protective equipment. This is the opposite of a contention that a covered countermeasure caused harm.

*Id.* Finally, the Seventh Circuit concluded that removal was not proper under the approach articulated in *Grable*, explaining as follows:

> [T]he principal disputes requiring adjudication in this suit are likely to be issues such as whether the nursing home allowed members of the staff to work while ill, failed to isolate residents who contracted COVID-19, and so on. These issues have nothing to do with any federal statute, so the conditions that *Grable* sets for federal jurisdiction are not satisfied.

*Id.* at *3.

In *Martin*, the Seventh Circuit considered and rejected each jurisdictional argument advanced by Defendants in this case. *Martin* is binding precedent and dictates the result here: Plaintiff filed her action in state court and asserts only state law claims

sounding in negligence. Those claims do not come within the removal-triggering exclusive jurisdiction of the PREP Act, and they do not "necessarily raise" a substantial federal issue within the meaning of *Grable*. Further, Defendants were not "acting under" federal officers within the meaning of § 1442(a)(1). As such, Plaintiff's claims are not removable.

### Requests for Costs and Fees

Plaintiff asks the Court to order Defendants to pay the attorney fees and costs associated with removal. Attorney's fees may be awarded under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal"). The Seventh Circuit's decision in *Martin* was not issued until after Defendants removed the instant action. Accordingly, the Court finds that, at the time of removal, Defendants' arguments were not foreclosed by clearly established law. As such, no fees or costs will be awarded.

### Disposition

The Court **GRANTS** the Motion to Remand (Doc. 15).  It is **ORDERED** that this action be **REMANDED** to the Circuit Court of Madison County, Illinois.

Defendant did not lack an objectively reasonable basis for seeking removal, so no fees or costs are awarded. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court, and to **CLOSE** this case.

All pending motions are **DENIED as MOOT**, and all deadlines and hearings are **CANCELLED**.

**SO ORDERED.**

Dated: June 24, 2022

_____
DAVID W. DUGAN
United States District Judge